UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| GLORIA GOODIE<br>229 N. Mount St., Apt. 217<br>Baltimore, MD 21223<br><br>And<br><br>DONNA WHITAKER<br>P.O. Box 55892<br>Washington, DC 20040<br><br>    Plaintiffs,<br><br>v.<br><br>WEINSTOCK, FRIEDMAN & FRIEDMAN, P.C.<br>4 Reservoir Cir.<br>Baltimore, MD 21208<br>SERVE ON RESIDENT AGENT:<br>Jeffrey Lippman, Esquire (same address)<br><br>    Defendant. | Civil no.: |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs Gloria Goodie and Donna Whitaker, on behalf of themselves and a class of similarly situated persons, sue Defendant Weinstock, Friedman & Friedman, P.C., pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Comm. Code § 14-204 ("MCDCA").

1. The Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

2. Plaintiff Goodie is an individual who resides in Baltimore, Maryland.

3. Plaintiff Whitaker is an individual who resides in Washington, D.C.

4. Plaintiffs are consumers as that term is defined by the FDCPA.

1

5. Defendant is a debt collector as that term is defined in the FDCPA, and has its principal place of business located at 4 Reservoir Circle, Baltimore, Maryland 21208.

6. Plaintiffs bring this action on behalf of themselves and on behalf of a class of similarly situated persons defined as follows:

> All persons who, since July 9, 2007, have received a collection letter from Defendant in which the "balance" allegedly due is listed in the letter's caption as a single total which includes court costs and other non-itemized charges that are not yet owed by the addressee.

7. Upon information and belief, the class is so numerous as to make joinder of all members impracticable. Defendant engages in the collection of debts on a regular basis in Maryland, D.C., and Virginia. On information and belief, it is a high volume business and Plaintiff reasonably believes that the class will consist of hundreds of members, perhaps more.

8. There are common issues of both law and fact linking all class members. The primary issue is whether Defendant uses a form of collection letter that regularly lists "balances" in the captions, and includes in those balances court costs and other non-itemized charges that are not owed to the creditor.

9. Plaintiffs' claims are typical of the claims of other class members in that Plaintiffs received such letters from Defendant and make the same complaint about them under the FDCPA and MCDCA as other class members would make.

10. Plaintiffs are adequate representatives of the class they seek to represent. Plaintiffs have no conflicts with the class and have retained counsel who are experienced in the prosecution of consumer actions under the FDCPA and MCDCA, and class actions.

11. Common issues predominate over any individual issues in the action. The legal issues relating to Defendant's collection practices are all analyzed under the same two statutes,

and those statutes will apply to all class members with equal force. The central factual issue focuses on Defendant's practice of sending consumers collection letters in which Defendant describes the "balance" as a total number, which number includes court costs and other fees that are not yet due and owing, and doing so without itemizing how the balances were computed.

12. A class action is the superior method for litigating these common issues. Most class members would have claims that are too small to pursue on an individual basis. Their identities and their recent addresses are all known to the Defendant, a factor which makes the class readily manageable.

## Count I – FDCPA Violations

13. The allegations of paragraphs 1-12 are repeated and realleged as if fully set forth herein.

14. Defendant communicated with Plaintiffs on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiffs' alleged personal debts.

15. Attached hereto and incorporated herein as Exhibit 1 is a true and accurate copy of a letter that Defendant mailed to Ms. Goodie on or about February 17, 2010.

16. The letter references a debt that Ms. Goodie allegedly owed to LVNV Funding.

17. According to a suit later filed by Defendant against Ms. Goodie, the true principal amount of the debt to which the letter refers was only $1,661.28.

18. Defendant's letter incorrectly states that the "balance" due was $2,157.40.

19. Defendant has taken the position that the balance included interest, as well as court costs and the costs of service of a complaint that was filed by Defendant in the District Court of Maryland for Baltimore City in November 2009.

20. At the time the letter was written, however, no court costs had been awarded.

3

21. Defendant regularly sends letters to consumer debtors wherein the balances listed in the heading are not the actual balances that are due and owing.

22. Attached hereto and incorporated herein as Exhibits 2A and 2B are true and accurate copies of letters that Defendant mailed to Ms. Whitaker on or about January 19, 2010 and February 19, 2010, respectively.

23. The letters reference a debt owed to Arrow Financial Services, LLC.

24. According to a suit later filed by Defendant against Ms. Whitaker in the Superior Court for the District of Columbia, the true principal amount of the debt was $3,649.05.

25. The first letter (Ex. 2A) incorrectly states that the "balance due" was $4,651.16 "plus interest and any costs allowed under default."

26. The second letter (Ex. 2B) lists the "balance" as $4,727.87. Upon information and belief, the balance listed in Exhibit 2B includes court costs and other fees, although no suit had been filed.

27. Later, in June 2010, when Defendant filed the suit against Ms. Whitaker, it sought a total judgment of only $3,954.37 "plus attorneys' fees of $.00, **post judgment interest** at a legal rate per annum from the date of the judgment, plus costs of this action." (Emphasis added).

28. Defendant's collection letters are misleading and deceptive in that they ask for payment or compromise of a debt based on artificially inflated figures that may confuse the least sophisticated consumer.

29. By representing that a debtor's "balance" includes non-itemized sums that are not yet owed, Defendant's collection letters sent to Plaintiffs and to all class members contain false representations of the character, amount or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A).

30. By representing that a debtor's "balance" includes non-itemized sums that are not yet owed, and by requesting a payment or a compromise based on that artificially inflated total, Defendant's collection letters sent to Plaintiffs and to all class members constitute false or deceptive means to attempt to collect consumer debt in violation of 15 U.S.C. § 1692e(10).

31. By representing that a debtor's "balance" includes non-itemized sums that are not yet owed, and by requesting a payment or a compromise based on that artificially inflated total, Defendant's actions constitute unfair or unconscionable means of collecting consumer debt in violation of 15 U.S.C. § 1692f.

WHEREFORE, on behalf of themselves and a class of similarly situated persons as defined above, Plaintiffs seek actual damages against the Defendant in an amount equal to any overstated "balances" and any overpayments that have resulted from Defendant's misrepresentations of debt balances in their collection letters, statutory damages in an amount to be determined by the Court, injunctive relief that will require Defendant's collection letters to properly itemize and account for all amounts that are actually due and owing to creditors for whom Defendant engages in collection activity, attorneys' fees and costs, plus such other and further relief as this Court may deem appropriate.

### Count II – MCDCA violations

32. The allegations of paragraphs 1-31 are repeated and realleged as if fully set forth herein.

33. Within three years prior to the date of this action Defendant has engaged in acts and practices as to plaintiffs in violation of the Md. Comm. Code § 14-202 (8) in that Defendant knowingly or negligently attempted to enforce various creditors' rights with knowledge that the creditors' account balances were overstated in their collection letters.

WHEREFORE, on behalf of themselves and a class of similarly situated persons as defined above, Plaintiffs seek actual damages against the Defendant in an amount equal to any overstated "balances" and any overpayments that have resulted from Defendant's misrepresentations of debt balances in their collection letters, statutory damages in an amount to be determined by the Court, injunctive relief that will require Defendant's collection letters to properly itemize and account for all amounts that are actually due and owing to creditors for whom Defendant engages in collection activity, attorneys' fees and costs, plus such other and further relief as this Court may deem appropriate.

Respectfully submitted,

Bernard T. Kennedy – No. 26843
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph (443) 607-8901
Fax (443) 607-8903
bernardtkennedy@yahoo.com

Thomas J. Minton – No. 03370
Goldman & Minton, P.C.
20 South Charles St., Suite 1201
Baltimore, MD 21201
Ph (410) 783-7575
Fax (410) 783-1711
tminton@charmcitylegal.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

	*/s/ Bernard T. Kennedy*
	Bernard T. Kennedy – No. 26846
	The Kennedy Law Firm
	P.O. Box 657
	Edgewater, MD 21037
	Ph (443) 607-8901
	Fax (443) 607-8903
	bernardtkennedy@yahoo.com


	*/s/ Thomas J. Minton*
	Thomas J. Minton – No. 03370
	Goldman & Minton, P.C.
	20 South Charles St., Suite 1201
	Baltimore, MD 21201
	Ph (410) 783-7575
	Fax (410) 783-1711
	tminton@charmcitylegal.com